UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                      :

ERNEST FRANKLYN and KEVIN          :      ECF CASE
MORRISON, Individually and on Behalf of All  :
Other Persons Similarly Situated,         :      Docket No. 1:14-cv-1912 (AKH)
                      :

          Plaintiffs,         :

      v.                 :      **ANSWER AND DEFENSES**
                      :

PEAPOD, LLC, AHOLD U.S.A., INC. and THE  :
STOP & SHOP SUPERMARKET COMPANY,   :
LLC, Jointly and Severally,          :

          Defendants.       :
                      :

------------------------------------------------------------- x

      Defendants Peapod, LLC ("Peapod"), Ahold, U.S.A., Inc. ((Ahold USA") and The Stop

& Shop Supermarket Company LLC ( "Stop & Shop", and together with Peapod and Ahold

USA, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, responds to Plaintiffs'

First Amended Class and Collective Action Complaint ("Amended Complaint"), and state as

follows:

**NATURE OF ACTION**

      1.     To the extent that Paragraph 1 of the Amended Complaint contains conclusions of

law, no response is required.  To the extent that a response is deemed required, Defendants admit

that Plaintiff Franklyn purports to file a collective action alleging claims for unpaid wages and

liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), on behalf of himself and

others similarly situated.  Defendants deny that this case is properly maintainable as a collective

action as alleged and further deny any remaining allegations in Paragraph 1 of the Amended

Complaint.

17242724v.2

2.      To the extent that Paragraph 2 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs Franklyn and Morrison purport to file a class action alleging claims for unpaid wages and liquidated damages pursuant to the New York Labor Law ("NYLL"), as amended by the Wage Theft Prevention Act ("WTPA") and pursuant to Fed. R. Civ. P. 23.  Defendants deny that this case is properly maintainable as a class action as alleged and further deny any remaining allegations in Paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3.      To the extent that Paragraph 3 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs purport to state the basis for jurisdiction over the claims alleged in the Amended Complaint and that jurisdiction is proper in this Court for said claims.

4.      To the extent that Paragraph 4 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that venue is proper in this Court.

5.      To the extent that Paragraph 5 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Paragraph 5 of the Amended Complaint purports to identify the basis for a declaratory judgment.  Defendants respond that the statues cited speak for themselves, and deny any remaining allegations in Paragraph 5 of the Amended Complaint, including, without limitation, that Plaintiffs are entitled to a declaratory judgment or any other form of relief.

17242724v.2

**THE PARTIES**

6.      Defendants admit, on information and belief, that Franklyn is an "adult individual" and lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 6 of the Amended Complaint.

7.      Defendants admit, on information and belief, that Morrison is an "adult individual" and lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 7 of the Amended Complaint.

8.      Admitted.

9.      Paragraph 9 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Ahold USA is an "enterprise engaged in commerce" as defined within the FLSA.  Defendants deny all remaining allegations in Paragraph 9 of the Amended Complaint, and further deny that it either employed Plaintiffs or operated the Peapod delivery service that is the subject of this lawsuit.

10.      Admitted.

11.      Paragraph 11 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Peapod is an "enterprise engaged in commerce" as defined within the FLSA, and operates Peapod delivery services in certain geographic areas.  Defendants deny all remaining allegations in Paragraph 11 of the Amended Complaint, and further deny that Peapod employed Plaintiffs.

12.      Admitted.

13.      Paragraph 13 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Stop & Shop is an "enterprise engaged in commerce" as defined within the FLSA, and operates

3

Peapod delivery services in certain geographic areas.  Defendants deny all remaining allegations in Paragraph 13 of the Amended Complaint.

14.     Defendants admit that Stop & Shop employed Plaintiffs and determined the rate and method of their wage payments and kept certain records concerning same.  Defendants deny any remaining allegations in Paragraph 14 of the Complaint.

<h3 style="text-align:center"><u>Collective Action Allegations</u></h3>

15.     Paragraph 15 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiff Franklyn purports to file a collective action alleging claims pursuant to the FLSA on behalf of himself and others similarly situated.  Defendants deny that this case is properly maintainable as a collective action as alleged, and further deny any remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the

17242724v.2

allegations of Paragraph 19 of the Amended Complaint, including, without limitation, subparts a-h thereof.

## CLASS ALLEGATIONS

20.     To the extent that Paragraph 20 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs Franklyn and Morrison purport to file a class action pursuant to Fed. R. Civ. P. 23.  Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 20 of the Amended Complaint.

21.     To the extent that Paragraph 21 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs Franklyn and Morrison purport to bring claims pursuant to the NYLL and that Stop & Shop classified Plaintiffs as non-exempt under NYLL.  Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 21 of the Amended Complaint.

22.     To the extent that Paragraph 22 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 22 of the Amended Complaint.

23.     To the extent that Paragraph 23 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 23 of the Amended Complaint.

24.     To the extent that Paragraph 24 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants

deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 24 of the Amended Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Amended Complaint.

26.     To the extent that Paragraph 26 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 26 of the Amended Complaint.

27.     To the extent that Paragraph 27 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 27 of the Amended Complaint, including, without limitation, subparts a-f thereof.

## STATEMENT OF FACTS

28.     Defendants admit that Peapod operated an online grocery delivery service in various states, including New York and Massachusetts, and deny any remaining allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants admit that Stop & Shop and Giant Food are wholly owned subsidiaries of Ahold USA and deny the remaining  allegations in Paragraph 29 of the Amended Complaint.

30.     Admitted.

31.     Denied.

32.     Admitted.

17242724v.2

33.     Defendants admit that Stop & Shop operates grocery stores and Peapod provides grocery delivery services in portions of New York, including portions of Mamaroneck, Medford, Mount Vernon, New Hyde Park, New York City, Riverhead, and South Setauket.  Defendants deny any remaining allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants admit that Stop & Shop operates grocery stores and Peapod provides grocery delivery services in portions of Massachusetts, including portions of Abington, Boston, Cape Cod, Danvers and Watertown.  Defendants deny any remaining allegations in Paragraph 34 of the Amended Complaint,

35.     Denied.

36.     Denied.

37.     Denied.

38.     Admitted.

39.     Denied.

40.     Defendants admit that Stop & Shop employed Plaintiff Franklyn from on or about April 15 , 2012 to on or about December 7, 2013, as a delivery driver in New York.  Defendants deny any remaining allegations in Paragraph 40 of the Amended Complaint.

41.     Denied.

42.     Admitted.

43.     Defendants admit that Stop & Shop employed Plaintiff Morrison from on or about October 8, 2012 to on or about December 3, 2013, as a delivery driver in New York.  Defendants deny any remaining allegations in Paragraph 43 of the Amended Complaint.

44.     Denied.

45.     Admitted.

17242724v.2

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendants admit that Peapod and Stop & Shop have trained Franklyn and

Morrison not to ask customers for gratuities, except deny that the case is maintainable as a class

or collective action, and further respond that Plaintiffs were not prohibited from accepting

gratuities.  Defendants deny any remaining allegations in Paragraph 55 of the Amended

Complaint.

56.     Denied.

57.     Denied.

58.     Defendants lack knowledge or information sufficient to a belief about the truth of

the allegations in Paragraph 58 of the Amended Complaint.

59.     Denied.

60.     Defendants lack knowledge or information sufficient to a belief about the truth of

the allegations in Paragraph 60 of the Amended Complaint.

61.     Denied.

62.     Denied.

17242724v.2

63.     To the extent that Paragraph 63 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 63 of the Amended Complaint.

64.     Defendants lack knowledge or information sufficient to a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint.

65.     Denied.

66.     Denied.

67.     Defendants admit that Stop & Shop paid Franklyn an hourly rate and one and one-half times his regular hourly rate for work in excess of 40 hours in a week. Defendants deny any remaining allegations in Paragraph 67 of the Amended Complaint.

68.     Denied.

69.     To the extent that Paragraph 69 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants deny that this case is properly maintainable as a class action as alleged, and further deny that Plaintiffs were entitled to receive all or a portion of any delivery fees collect.  Defendants deny any remaining allegations in Paragraph 69 of the Amended Complaint.

70.     Denied.

71.     To the extent that Paragraph 72 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Stop & Shop classified Franklyn as non-exempt under federal and state overtime laws and regulations, deny that this case is properly maintainable as a class action as alleged, and further deny any remaining allegations in Paragraph 72 of the Amended Complaint.

17242724v.2

## FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME)

72.     Paragraph 72 of the Amended Complaint is a statement of incorporation, to which no response is required.  To the extent that a response is deemed required, Defendants incorporate their answers to Paragraphs 1-71 of the Amended Complaint as if fully set forth herein.

73.     Defendants admit that Stop & Shop was Plaintiff's employer for purposes of the FLSA, and deny any remaining allegations of Paragraph 73 of the Amended Complaint.

74.     Paragraph 74 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Stop & Shop was Franklyn's employer as defined within the FLSA and deny any remaining allegations of Paragraph 74 of the Amended Complaint, including, without limitation, that this action is maintainable as a collective action.

75.     Admitted.

76.     To the extent that Paragraph 76 of the Amended Complaint contains conclusions of law, no response is required.  To the extent that a response is deemed required, Defendants admit that Frankly purports to be a party to a collective action and that the alleged attachment to the Amended Complaint speaks for itself.  Defendants deny that this case is properly maintainable as a collective action as alleged, and further deny any remaining allegations in Paragraph 76 of the Amended Complaint.

77.     Paragraph 77 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants admit that Stop & Shop classified Franklyn a non-exempt under federal and state overtime laws and further respond that 29 U.S.C. § 201, *et. seq.* speaks for itself.  Defendants deny that this case is properly

10

maintainable as a collective action as alleged, and further deny any remaining allegations in Paragraph 77 of the Amended Complaint.

78.     Paragraph 78 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 78, including, without limitation, that this case is properly maintainable as a collective action as alleged.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Paragraph 82 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 82 of the Amended Complaint, including, without limitation, that this case is properly maintainable as a collective action as alleged and that Plaintiff suffered any damages.

## SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAWS – UNLAWFULLY RETAINED GRATUITIES)

83.     Paragraph 83 of the Amended Complaint is a statement of incorporation, to which no response is required.  To the extent that a response is deemed required, Defendants incorporate their answers to Paragraphs 1-82 of the Amended Complaint as if fully set forth herein.

84.     Defendants deny the allegations of Paragraph 84 of the Amended Complaint, except admit that Stop & Shop was Plaintiffs' employer for purposes of the NYLL

85.     Denied.

86.     Paragraph 86 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 86 of the Amended Complaint, including, without limitation, that this action is maintainable as a collective action.

87.     Denied.

88.     Denied.

89.     Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought, including, without limitation, the damages and relief alleged in the Prayer for Relief , the Wherefore clause, and subparts a - l thereof.

All allegations in the Amended Complaint not specifically admitted herein are denied.

## DEMAND FOR TRIAL BY JURY

Defendants deny that Plaintiffs are entitled to a trial by jury, except as to those claims, damages and relief to which a jury trial is a matter of statutory right.

## ADDITIONAL DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production of proof they would not otherwise have under law.  Respondent further avers that certain of Plaintiffs' allegations are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves their rights to assert additional defenses should the precise nature of Plaintiffs' allegations become clear.

12

## FIRST ADDITIONAL DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons who they purport to represent, or to whom they purportedly are similarly situated.

## SECOND ADDITIONAL DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23(a), 23(b)(2) or 23(b)(3) of the Federal Rules of Civil Procedure and thus, this action cannot be maintained as a class action.

## THIRD ADDITIONAL DEFENSE

Plaintiffs do not satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

## FOURTH ADDITIONAL DEFENSE

Some or all of Plaintiffs, the prospective opt-in plaintiffs, and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

## FIFTH ADDITIONAL DEFENSE

Defendants at all times, in all manners, acted in good faith in accordance with any and all duties and obligations under the FLSA and its regulations, New York state law and its regulations, and Massachusetts state law and its regulations.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' FLSA claims are derivative of their New York and Massachusetts claims, therefore any motion to conditionally certify a collective action or to facilitate notice to a collective of individuals pursuant to the FLSA would be premature.

17242724v.2

## SEVENTH ADDITIONAL DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiffs, the prospective opt-in plaintiffs and/or the putative class members' claims are barred in whole or in part by the doctrine of after-acquired evidence and/or unclean hands.

## EIGHTH ADDITIONAL  DEFENSE

Subject to proof through discovery, some or all of Plaintiffs', the prospective opt-in plaintiffs, and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

## NINTH ADDITIONAL DEFENSE

Subject to proof through discovery, some or all of Plaintiffs', the prospective opt-in plaintiffs, and/or the putative class members' claims are barred by the doctrines of laches, waiver and or accord and satisfaction.

## TENTH ADDITIONAL DEFENSE

Plaintiffs, the prospective opt-in plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class or collective action under FLSA § 201 or under Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH  ADDITIONAL DEFENSE

Plaintiffs, and one or more prospective opt-in plaintiffs and putative class members are members of an organized labor union, therefore their claims are preempted by the National Labor Relations Act of 1935, as amended, and/or other applicable federal law.

## TWELFTH ADDITIONAL DEFENSE

Defendants state, in the alternative if necessary, that its actions with respect to Plaintiffs, the prospective opt-in plaintiffs, any other purported similarly situated worker, and/or putative class members, were not willful, but rather were taken in good faith in conformity with and in

14

reliance on a written administrative regulation, order, ruling approval, interpretation, and/or

administrative practice or policy pursuant to applicable state and/or federal law.

## THIRTEENTH ADDITIONAL  DEFENSE

Defendants state, in the alternative if necessary, that its actions with respect to Plaintiffs,

the prospective opt-in plaintiffs, any other purported similarly situated worker, and/or putative

class members, were taken in good faith with reasonable grounds to believe such conduct

comported with applicable state and/or federal law.

## FOURTEENTH  ADDITIONAL DEFENSE

Neither Peapod nor Ahold USA employed Plaintiffs, the prospective opt-in plaintiffs, any

other purported similarly situated worker, and/or putative class members, as that term employed

is defined under the FLSA, NYLL or Massachusetts law.


WHEREFORE, Defendants demands judgment in their favor:

(a)     denying Plaintiffs are entitled to the relief for which they pray on behalf of

themselves or any other individual or to any other relief.

(b)     dismissing the Complaint against Defendants on the merits with prejudice and in

its entirety;

17242724v.2

(c)      awarding Defendants their costs and disbursements, including reasonable

attorneys' fees incurred in this action; and

(d)      granting Defendants such other and further relief as the Court may deem just and

proper.


May 16, 2014                                                        SEYFARTH SHAW LLP


                                                                   By s/ Christopher H. Lowe
                                                                      Christopher H. Lowe

                                                                   620 Eighth Avenue
                                                                   New York, New York  10018
                                                                   Phone:  (212) 218-5500
                                                                   Fax:  (212) 218-5526
                                                                   clowe@seyfarth.com

                                                                   -and-

                                                                   SEYFARTH SHAW LLP
                                                                   Richard L. Alfred
                                                                   Two Seaport Lane
                                                                   Boston, Massachusetts 02210-2028
                                                                   Phone:  (617) 946-4900
                                                                   Fax:  (617) 946-4801
                                                                   ralfred@seyfarth.com

                                                                   Attorneys for Defendants
                                                                   Peapod, LLC
                                                                   Ahold U.S.A., Inc.
                                                                   The Stop & Shop Supermarket Company LLC

17242724v.2